IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | Cause No. CV 16-04-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| MONTANA, | |
| Respondent. | |

On January 11, 2016, Mr. Godfrey filed a document with this Court entitled "Request for a Declaratory Judgment." (Doc. 1). Because it appears that Mr. Godfrey attempts to challenge his sentence and the fact of his confinement, the document was filed as a petition for a writ of habeas corpus. See, *Preiser v. Rodriguez*, 411 U.S. 475, 488090 (1973); *Young v. Kenny*, 907 F. 2d 874 (9th Cir. 1989).

Mr. Godfrey filed a petition for a writ of habeas corpus with the Montana Supreme Court challenging the imposition of two separate sentences upon him- one for sexual assault and one for his designation as a persistent felony offender. The Court remanded the matter to the trial court and a single sentence for persistent felony offender of 60 years with 30 years suspended was subsequently imposed for the persistent felony offender designation. Mr. Godfrey challenged the revised sentence which the Montana Supreme Court held to be a legal sentence.

1

Order at 2, *Godfrey v. Kirkegard*, No. OP 13-0717 (Mont. Jan. 7, 2014).

Mr. Godfrey has filed three prior habeas petitions in this Court challenging the revised persistent felony offender sentence. In the first, he contended that the resentencing violated his federal protection against double jeopardy and his right to due process. This Court held that there was no constitutional violation and denied Godfrey's petition on the merits. *Godfrey v. Kirkegard*, CV 14-27-M-DLC-JCL (D. Mont. judgment entered May 2, 2014). Godfrey's second petition was dismissed for lack of jurisdiction as an unauthorized second or successive petition. *Godfrey v. Kirkegard*, CV 14-164-M-DLC-JCL (D. Mont. judgment entered June 12, 2014). Mr. Godfrey was advised that he could not file another petition in this Court challenging his sexual assault/persistent felony offender sentence unless he obtained leave from the Ninth Circuit Court of Appeals to do so. Despite this directive, Mr. Godfrey filed yet another habeas petition which was also dismissed for lack of jurisdiction. *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. judgment entered June 20, 2014).

Although, characterized as a "Request for a Declaratory Judgment" the title of this document does not obscure its true intent. Mr. Godfrey seeks yet again to challenge his revised persistent felony offender sentence. There are two distinct problems with Mr. Godfrey's current filing. First, it is an unauthorized successive petition under 28 U.S.C. § 2244(b)(1). Second, Mr. Godfrey fails to state claim. A

2

federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curiam). Mr. Godfrey asks this Court to interpret a provision of the Montana Constitution as applied to his sentence. Such a determination is not one that is to be made by a federal court. See *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); see also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Accordingly, IT IS HEREBY ORDERED that Godfrey's petition (Doc. 1) is DISMISSED. A certificate of appealability is DENIED.

DATED this 19th day of January, 2016.

Dana L. Christensen, Chief Judge
United States District Court